UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

John F. Lawrence,         :
    Plaintiff,            :
                          :
v.                        :    Case No. 3:04cv538 (JBA)
                          :
Wilder Richman Securities Corp., :
    Defendant.            :

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. # 96]**

Plaintiff John F. Lawrence moves for reconsideration of the Court's December 2006 Ruling on Plaintiff's Objections to Sanctions Ruling [Doc. # 92] ("Ruling"), in which the Court sustained in part and overruled in part plaintiff's Objections to Magistrate Judge Margolis' Ruling regarding sanctions and modified that Ruling to limit sanctions to plaintiff's filing and maintenance of his motion for preliminary injunction. See Mot. for Recons. [Doc. # 96]. Plaintiff urges the Court to reconsider its Ruling on two grounds: (1) "[t]he Ruling's reliance on Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85 (2002), as an alternative ground to support sanctions was not raised in [d]efendant's underlying motion, and therefore, sanctions granted upon it violate Rule 11's strict notice requirement that a party's motion for sanctions describe the specific ground on which sanctions are sought;" and (2) "[i]nasmuch as the Court cannot rely on grounds not raised in [d]efendant's motion to impose sanctions, the relationship between (a) the Court's

1

finding that the equitable estoppel claim was colorable, and (b) the issue of whether the irreparable harm argument was colorable, deserves reconsideration," contending "[t]he finding of a colorable equitable estoppel claim requires a finding of a colorable irreparable harm argument." Id. at 1-2.

Familiarity with the factual and procedural background of this case is presumed. Specifically, with respect to the relationship between plaintiff's irreparable harm claim plaintiff's equitable estoppel argument, the latter of which the Court found "colorable," see Ruling at 16, the Court concluded:

> To the extent plaintiff relies on the potential merit of his equitable estoppel argument to claim that his irreparable harm position was non-frivolous, that argument also must be rejected. First, plaintiff did not assert his equitable estoppel argument in the context of his irreparable harm claim in his motion for preliminary injunction. Further, that argument cannot bolster plaintiff's position because the arbitrator could have considered plaintiff's equitable estoppel argument; indeed, as defendant notes, "whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." Thus, where plaintiff admittedly was obligated to arbitrate any dispute with WRSC, he cannot rely on equitable estoppel to claim irreparable harm in being forced to arbitrate.

Id. at 13 (citing Howsam, 537 U.S. at 85).

## I. Standard

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

2

court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994).

**II. Discussion**

Plaintiff's Motion does not satisfy the heavy burden imposed on motions for reconsideration. Plaintiff does not claim any intervening change in controlling law, nor any new evidence, and thus the only possible basis for plaintiff's Motion is a need to correct a clear error of law in, or to prevent manifest injustice stemming from, the Court's initial Ruling. Plaintiff has not demonstrated such a need here.

As the Court found in its Ruling, plaintiff did not rely on his equitable estoppel argument to support his claim of irreparable harm if "forced" to arbitrate, and plaintiff's Motion for Reconsideration does not demonstrate otherwise. While plaintiff cites to those portions of his preliminary injunction briefing that discuss the merits of his equitable estoppel argument (related to the "likelihood of success on the merits" prong of a preliminary injunction analysis), see, e.g., Pre. Inj.

3

Mem. [Doc. # 5] at 14-15; Pre. Inj. Reply Br. [Doc. # 17] at 9, those discussions did not claim that being sent to arbitration where plaintiff could raise a defense of equitable estoppel against a portion of defendant's statement of claim would constitute or cause irreparable harm; conversely, those portions of plaintiff's briefing regarding irreparable harm do not claim any harm stemming from arbitration where defendant should allegedly be equitably estopped from making certain claims, see, e.g., Pre. Inj. Mem. at 15-16; Pre. Inj. Reply Br. at 10. Rather, plaintiff's irreparable harm argument concerned: (1) being forced to take inconsistent positions if forced to arbitrate; (2) violation of constitutional and federal rights, including the right to a jury trial and federal provisions for discovery, if forced to arbitrate; and (3) the harm inherent in being forced to arbitrate when one did not agree to be bound to such arbitration.[1]

Plaintiff thus did not, as he now claims (Pl. Recons. Mem.

---

[1] While plaintiff argues that "[t]he [d]efendant's contention conflates the factual circumstances rendering the Statement of Claim non-arbitrable (i.e. equitable estoppel) with the irreparable harm created by such circumstances, i.e. being forced to arbitrate a non-arbitrable claim, and thereby improperly relinquishing constitutional rights and improperly being exposed to inconsistent results," Pl. Reply Br. [Doc. # 103] at 5-6 (emphasis in original), plaintiff's contention is inapposite because as discussed infra n.2, a defense of equitable estoppel does not render a claim non-arbitrable, and the harms of relinquishing constitutional rights and improperly being exposed to inconsistent results do not stem from being sent to arbitration to raise a defense of equitable estoppel.

4

[Doc. # 97] at 6), argue at the preliminary injunction stage that he would be irreparably harmed if he were forced to arbitrate a claim that he believed defendant was equitably estopped from arbitrating.[2] Accordingly, the Court's finding that plaintiff's equitable estoppel argument was "colorable" does not preclude sanctions with respect to his preliminary injunction request, and plaintiff thus has not demonstrated a need for reconsideration.[3]

## III. Conclusion

For the foregoing reasons, plaintiff's Motion for

---

[2] Nor would such an argument have been successful, even if plaintiff had made it – the cases plaintiff cites in his reply brief, see [Doc. # 103] at 2 n.1, for the proposition that "[c]ourts have recognized that an applicant for an injunction has established irreparable harm if improperly forced to arbitrate a dispute," would not support an irreparable harm argument based on plaintiff's equitable estoppel claim because those cases concern irreparable harm caused where a party did not actually agree to be bound to arbitration, or where the dispute itself has not been found to be arbitrable. These cases thus implicate the irreparable harm arguments actually advanced by plaintiff – e.g., the right to a jury trial and expansive federal discovery – but they do not approve as a valid basis for a preliminary injunction being sent to arbitration in the face of a contention that the opposing party should be equitably estopped from pursuing a portion of its claim. Equitable estoppel is a defense that can be raised in arbitration, as well as in court, but it does not render a dispute non-arbitrable so as to trigger the irreparable harms claimed by plaintiff.

[3] While plaintiff appears to be correct that defendant did not cite Howsam in its initial sanctions motion (presumably because plaintiff had not yet advanced any claim of irreparable harm stemming from his equitable estoppel argument), and therefore plaintiff was not given notice of any defect in his argument on the basis of Howsam and the Court should not rely on it, the Court cited Howsam in its Ruling only as an alternative basis and disregard of that decision thus does not serve to alter the Court's conclusion.

5

Reconsideration [Doc. # 96] is DENIED.  The parties shall file, with courtesy copies to Magistrate Judge Margolis, their affidavits and briefing concerning amount of sanctions and against whom sanctions shall be levied pursuant to the schedule adopted by Magistrate Judge Margolis in her Order Granting Motion for Extension of Time [Doc. # 101].

                            IT IS SO ORDERED.

                            /s/

                          Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut this 3rd day of August, 2007.**